IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM DEGENHART, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. **CV411-054** |
| | ) | |
| PLANTATION FEDERAL BANK, AND AS SUCCESSOR, THE DEGENHART LAW FIRM, PAUL DEGENHART and MARY NELL DEGENHART, | ) ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant Mary Nell Degenhart ("Defendant"), and respectfully shows to the Court as follows:

1. Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441 to remove this action from the Superior Court of Chatham County, State of Georgia, which case is now pending in that court under the name "William Degenhart, M.D. v. Plantation Federal Bank, and as Successor in Interest To First Savers Bank, The Degenhart Law Firm, Paul Degenhart and Mary Nell Degenhart" and styled Civil Action No. CV 10-1962-FR.

2. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of Plaintiff William Degenhart, M.D. ("Plaintiff") is diverse from that of Defendants, as follows:

    a. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

i.  In his Complaint for Damages and Petition for Declaratory Judgment ("Complaint"), Plaintiff seeks a declaratory judgment that the legal documents attached as Exhibits A through H to the Complaint are unenforceable as to him. Compl. ¶ 28. Those exhibits consist of (1) Exhibit A, a Commitment Letter dated December 1, 2006, between Three Amigos Land Company, LLC ("Three Amigos") and First Savers Bank ("FSB") in the principal Loan amount of $1,800,000.00; (2) Exhibit B, Loan Agreement dated December 22, 2006, between Three Amigos and FSB; (3) Exhibit C, Guaranty Agreement from William J. Degenhart dated December 20, 2006; (4) Exhibit D, a Modification of the original Commitment Letter dated January 2, 2009 from FSB; (5) Exhibit E, a Promissory Note dated January 2, 2009, with Three Amigos Land Co., LLC as the mortgagor and FSB as the lender, in the principal amount of $1,800,000.00; (6) Exhibit F, a Commercial Loan Agreement dated January 2, 2009, with Three Amigos Land Co., LLC as the borrower and FSB as the lender; (7) Exhibit G, a Promissory Note dated May 11, 2009, with Three Amigos Land Co., LLC as the mortgagor and FSB as the lender, in the principal amount of $1,800,000.00; (8) Exhibit H, Guaranty Agreement from William J. Degenhart dated September 23, 2009. Plaintiff is a purported signatory to each of the documents attached to the Complaint as Exhibits A through H. The Defendant therefore

     shows that the facts underlying Plaintiff's claims for relief confirm that the amount sought by Plaintiff against Defendants exceeds the jurisdictional amount of $75,000, exclusive of interest and costs, as a matter of law.

  b. The matter in controversy is between citizens of different States.

    i. Plaintiff is, and was at the commencement of this action, a citizen and resident of the State of Georgia. Compl. ¶ 1.

    ii. FSB is, and was at the commencement of this action, a Federal bank with its principal place of business located in South Carolina. Compl. ¶ 2.

    iii. Defendant The Degenhart Law Firm is, and was at the commencement of this action, a professional association organized and existing under the laws of the State of South Carolina with its principal place of business located in South Carolina. Compl. ¶ 3.

    iv. Defendant Paul Degenhart is, and was at the commencement of this action, a citizen and resident of the State of South Carolina. Compl. ¶ 4.

    v. Defendant Mary Nell Degenhart is, and was at the commencement of this action, a citizen and resident of the State of South Carolina. Compl. ¶ 5.

3. Under the provisions of 28 U.S.C. § 1441(a), the right exists to remove this action from the Superior Court of Chatham County, State of Georgia, to the United States District Court

for the Southern District of Georgia, Savannah Division, which embraces the place where such action is pending.

4. The date on or before which Defendant is required under the laws of the State of Georgia to answer or plead to Plaintiff's Complaint have not lapsed. The Complaint was filed on December 27, 2010. The Summons and Complaint were personally served on Defendant on February 11, 2011. On information and belief, as of the date of this Notice, all other Defendants have been served with the Summons and Complaint. In accordance with the requirements of 28 U.S.C. § 1446(b), Defendant files this Notice of Removal within 30 days after service of the Summons and Complaint.

5. Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendant attaches hereto copies of all the documents that have been served upon her in this action, described as follows:

    a. General Civil Case Filing Information Form (Non-Domestic), Summons, Certification Under Rule 3.2, and Complaint for Damages and Petition for Declaratory Judgment dated December 27, 2010, marked as Exhibit 1 hereto;

    b. Plaintiff's First Request for Admissions to All Defendants dated December 27, 2010, marked as Exhibit 2 hereto;

    c. Plaintiff's First Request for Production of Documents to Defendants dated December 27, 2010, marked as Exhibit 3 hereto; and

    d. Plaintiffs' [sic] First Interrogatories to Defendants dated December 27, 2010, marked as Exhibit 4 hereto.

6. By reason of the foregoing, Defendant desires and respectfully submits that she is entitled to have this action removed from the Superior Court of Chatham County, State of

Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division, such being the district and division where said suit is pending, and conditioned that Defendant will pay all costs and disbursements incurred by reason of these removal proceedings should it be determined that this case was not removable or was improperly removed.

7. Written notice of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit 5, will be given to Plaintiff's counsel as required by law.

8. A true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Chatham County, State of Georgia, as required by law. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 6.

9. Consents to removal executed by The Degenhart Law Firm, Paul Degenhart, and Plantation Federal Bank through its attorney, Amy L. B. Hill, Esquire are attached. "Where there is a nonseparable controversy with respect to several nonresident defendants, one of them may remove the cause although the other defendants have not been served with process and have not appeared." Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939). See also Novick v. Bankers Life Ins. Co., 410 F. Supp. 2d 98, 100 (E.D.N.Y. 2006); Shaffer v. Northwestern Mutual Life Ins. Co., 394 F. Supp. 2d 814, 819 (N.D. W. Va. 2005); White v. Bombardier Corp., 313 F. Supp. 2d 1295, 1299 (N.D. Fla. 2004); Kopff v. World Research Group, LLC, 298 F. Supp. 2d 50, 54 (D.D.C. 2003); GMFS, L.L.C. v. Bounds, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003); Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 515 n. 3 (M.D. Pa. 2003); Hooper v. Albany Int'l Corp., 149 F. Supp. 2d 1315, 1319 n. 2 (M.D. Ala. 2001); Asunto v. Shoup, 132 F. Supp. 2d 445, 454 (E.D. La. 2000); Fuller v. Exxon Corp., 78 F. Supp. 2d 1289, 1293 n. 6 (S.D. Ala. 1999); Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999); Glendening v. Genuine Parts Co., 960 F. Supp. 243, 244 n. 3 (D. Colo. 1997); Schwartz v. FHP

Int'l Corp., 947 F. Supp. 1354, 1362 (D. Ariz. 1996); <u>Scheall v. Ingram</u>, 930 F. Supp. 1448, 1449 n. 1 (D. Colo. 1996); <u>Paz v. Bonita Tomato Growers, Inc.</u>, 920 F. Supp. 174, 175-76 (M.D. Fla. 1996); <u>Nathe v. Pottenberg</u>, 931 F. Supp. 822, 824 (M.D. Fla. 1995); <u>Wesley v. Mississippi Transp. Comm'n</u>, 857 F. Supp. 523, 526 (S.D. Miss. 1994); <u>Ogletree v. Barnes</u>, 851 F. Supp. 184, 187 (E.D. Pa. 1994); <u>Thompson v. Louisville Ladder Corp.</u>, 835 F. Supp. 336, 337 n. 3 (E.D. Tex. 1993); <u>Liebig v. DeJoy</u>, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993); <u>Creekman v. Food Lion, Inc.</u>, 797 F. Supp. 505, 508 n. 4 (E.D. Va. 1992); <u>Moody v. Commercial Ins. Co.</u>, 753 F. Supp. 198, 200 (N.D. Tex. 1990); <u>Katz v. Costa Armatori, S.p.A.</u>, 718 F. Supp. 1508, 1509 n. 1 (S.D. Fla. 1989); <u>Courtney v. Benedetto</u>, 627 F. Supp. 523, 526 (M.D. La. 1986); <u>Albonetti v. GAF Corp.</u>, 520 F. Supp. 825, 827 (S.D. Tex. 1981); <u>DiCesare-Engler Prods., Inc. v. Mainman Ltd.</u>, 421 F. Supp. 116, 120 (W.D. Pal 1976).

10. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry, it is well grounded in fact; is warranted by existing law or an extension or modification of existing law; and is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of this litigation.

WHEREFORE, Defendant prays that this action be removed to this Court and that this Court accept jurisdiction of this matter, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Respectfully submitted this 4th day of March, 2011.

_____
Mary Nell Degenhart
2131 Park St., Columbia, SC 29201
803-771-6050

CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing Notice of Removal by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

    Brent J. Savage
    Savage, Turner, Kraeuter, Pinckney, Britt & Madison
    P.O. Box 10600
    Savannah, GA 31412

    The Degenhart Law Firm
    2131 Park Street
    Columbia, SC 29201

    Paul Degenhart
    2131 Park Street
    Columbia, SC 29201

    Amy L. B. Hill
    Sowell Gray Stepp & Laffitte, L.L.C.
    P.O. Box 11449
    Columbia, SC 29211

This 4th day of March, 2011.

                                    Mary Nell Degenhart
                                    2131 Park St.
                                    Columbia, SC 29201
                                    803-771-6050

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | |
| PLANTATION FEDERAL BANK, AND AS ) | |
| SUCCESSOR ) | |
| IN INTEREST TO FIRST SAVERS BANK, ) | |
| THE DEGENHART LAW FIRM, PAUL ) | |
| DEGENHART and MARY NELL ) | |
| DEGENHART, ) | |
| ) | |
| Defendant. | |

## CONSENT TO REMOVAL

Defendant, Degenhart Law Firm, P.A. hereby consents to and joins in the removal of this action from the Superior Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division. This consent and joinder should not be construed as a voluntary appearance by Defendant or an agreement by Defendant to subject itself to the jurisdiction of the Court. Defendant does not waive, but rather expressly reserves, any and all defenses, rights and objections that may be available to it including, but not limited to, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process.

This 4th day of March, 2011.

By: _____
Degenhart Law Firm, P.A.
2131 Park St.
Columbia, SC 29201
803-771-6050

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO. |
| | ) |
| PLANTATION FEDERAL BANK, AND AS SUCCESSOR IN INTEREST TO FIRST SAVERS BANK, THE DEGENHART LAW FIRM, PAUL DEGENHART and MARY NELL DEGENHART, | ) ) ) ) ) ) |
| | ) |
| Defendant. | |

## CONSENT TO REMOVAL

Defendant, Paul Degenhart hereby consents to and joins in the removal of this action from the Superior Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division. This consent and joinder should not be construed as a voluntary appearance by Defendant or an agreement by Defendant to subject itself to the jurisdiction of the Court. Defendant does not waive, but rather expressly reserves, any and all defenses, rights and objections that may be available to it including, but not limited to, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process.

This 4th day of March, 2011.

By: /s/ Paul V. Degenhart
Paul V. Degenhart

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PLANTATION FEDERAL BANK, AND AS )<br>SUCCESSOR )<br>IN INTEREST TO FIRST SAVERS BANK, )<br>THE DEGENHART LAW FIRM, PAUL )<br>DEGENHART and MARY NELL )<br>DEGENHART, )<br>)<br>Defendant. ) | CIVIL ACTION FILE NO. |

## CONSENT TO REMOVAL

Defendant Plantation Federal Bank, and as Successor in Interest to First Savers Bank hereby consents to and joins in the removal of this action from the Superior Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division. This consent and joinder should not be construed as a voluntary appearance by Defendant or an agreement by Defendant to subject itself to the jurisdiction of the Court. Defendant does not waive, but rather expressly reserves, any and all defenses, rights and objections that may be available to it including, but not limited to, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process.

This __1__ day of March, 2011.

*(Signature block on following page)*

2

SOWELL GRAY STEPP & LAFFITTE, L.L.C.

By: _____
Amy B. Hill
1310 Gadsden Street
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400

Attorney for Plantation Federal Bank, as
Successor in Interest to First Savers Bank
