IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

FILED IN OFFICE
2010 DEC 27 PM 1:05

DEP. CLK. SUPERIOR CT.
CHATHAM COUNTY, GA.

| | |
|---|---|
| WILLIAM DEGENHART, M.D. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. CV1019617R |
| ) | |
| PLANTATION FEDERAL BANK, ) | |
| Individually and as Successor in ) | |
| Interest to FIRST SAVERS BANK, ) | |
| THE DEGENHART LAW FIRM, and ) | |
| PAUL AND MARY NELL DEGENHART ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

**COMES NOW**, Plaintiff in the above-styled case, and requires Defendants, pursuant to O.C.G.A. § 9-11-34 to produce for inspection and copying at the offices of the Plaintiffs' attorneys of record, Savage, Turner, Kraeuter, Pinckney, Britt & Madison, 304 E. Bay Street, Savannah, Georgia 31401, the following documents within forty-five (45) days of the date of service of this request.

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced to the corresponding number of the request, and any documents covered by these requests which the Defendants object to producing.

### DEFINITIONS

A. "Documents" is an all-inclusive term referring to any written, audio or visually recorded, graphic or pictorial matter of every kind and description however produced or reproduced, whether draft or final, original or reproduction, in the actual or constructive possession, custody or

DEFENDANT'S EXHIBIT 4

control of Defendants. The term "documents" includes, without limitation, abstracts, advertisements, agreements, appointment books, audio recordings, books, books of account, bills, bulletins, charts, checks, circulars, commitments, contracts, correspondence, covenants, directives, deeds, desk calendars, diaries, drafts, drawings, films, financial statements, graphs, interoffice communications, invoices, ledgers, letters, licenses, logs, magazines, maps, memoranda, memoranda of telephone or personal conversations or communications, microfiche, microfilm, minutes or notes of meetings, movies, notes, notices, notices of safety device retrofit, pamphlets, periodicals, permits, photographs, pictures, plans, proposals, prospectuses, purchase orders, offers, receipts, recall notices, recordings, regulations, reports, rules, schedules, surveys, statements, tables, telegrams, teletype messages, time sheets, title policies, transcripts, visual or audio tapes, working papers, writings, written communications and information stored in any form, including electronic, and optical, and all other such documents, tangible or retrievable, of any kind or materials similar to any of the foregoing, however denominated by Defendants. "Documents" includes any addenda, changes, additions, or deletions made to any documents, and all drafts or preliminary versions of documents. "Documents" also includes all copies of each document if the copies contain any additional matter or are not identical copies of the originals.

      B.     The word "person" includes an individual, corporation, partnership or any other entity.

      C.     "Tangible items" includes all items of any physical substance other than "documents."

      D.     The word "communication" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation, whether face-to-face or by means of any telephone, telegraph, telecopies, electronic or other media.

E.   "You" and "your" includes all persons acting on your behalf, including all employees, officers, agents, representatives, servants, attorneys, investigators, contractors, experts, technicians, and other persons acting on your behalf. "You" and "your" also includes Defendants, all subsidiaries, parents or affiliated companies.

F.   The word "date" means the exact day, month and year, if ascertainable or, if not, the best approximation thereof, including relationship to other events.

G.   The term "or" means both "or" and "and."

H.   "Complaint" as used herein refers to the Complaint filed in the State Court of Chatham County.

I.   Unless a different meaning is stated or obvious from its context, all terms used herein shall have the same meaning as in the Complaint.

J.   The use of the singular herein shall include the plural and the masculine and the feminine, as appropriate in the context.

K.   The term "all" means "any" and "all."

## INSTRUCTIONS

Privilege: If an objection based on privilege is asserted, identify the document, tangible item, communication, or information as to which the privilege is claimed by (a) its date; (b) the type of document (e.g., letter, memo, etc.); (c) the author; (d) the recipient; and (e) the general subject matter to allow a court to determine whether the asserted privilege properly lies.

Objections: If objections other than privilege are asserted, the statement of a general objection is not sufficient. Set forth any objections specifically and in sufficient detail to allow the court to determine whether a motion to compel should be granted and the objection disallowed.

Information to be Provided: In answering this request for production, you must furnish information that is available to "you." Provide information whether it is in your possession or not, and whether you can vouch for its accuracy, and whether or not it constitutes hearsay. With regard to information you provide that you do not know is accurate, indicate that fact as part of your response to this request to produce.

These requests are continuous and should be supplemented if additional information is received at a later date as required by law.

If documents requested are not in the Defendants' possession, please state as follows:

(1) name of person who has possession or knowledge of whereabouts;

(2) business address of such;

(3) business telephone number of such.

The documents responsive to each enumerated request shall be identified separately by the corresponding number of the following requests.

## Request to Produce

1. Any expert witness reports and/or written opinions by any expert witness you intend to call at trial.

2. Any and all written documents sent to or received from any each expert witness identified in your interrogatory responses.

3. The curriculum vitae, together with any and all other documents, pertaining to the credentials and qualifications or any and all experts to be called by Defendants.

4. A copy of any and all documentary and/or physical evidence you intend to introduce at the trial of this case.

5. Any and all non-privileged reports, correspondence, or other documentation or memoranda submitted to or generated by Defendants or their agents with regard to the allegations set forth in Plaintiff's complaint or the answer filed by Defendant.

6. All documents identified or relied upon in responding to Plaintiff's First Interrogatories to Defendant.

7. Any and all e-mail, fax or other correspondence between Plaintiff and any Defendant related to the transactions referenced on Exhibit "A" to Plaintiff's Complaint.

8. Any and all closing and/or loan documents, account statements or any other documents in Defendant's possession regarding the loans or accounts of Plaintiff as it relates to the allegations set forth in Plaintiff's complaint.

9. Any and all inner-office communications in Defendant's possession regarding Plaintiff, the loans referenced in Plaintiff's complaint or any other matters regarding the allegations referenced in Plaintiff's complaint or Defendants' answers.

10. A copy of any and all complaints filed against Defendant over the past five years related to any issue referenced in Plaintiff's complaint or Defendants' answers..

11. A copy of any and all liability insurance policy held by Defendant that could cover it regarding the allegations set forth in Plaintiff's complaint.

12. Any loan committee files, documents, minutes or records which concern the Defendant Bank's banking relationship with Plaintiff or the loans or guarantees at issue in this case.

13. Any board of directors files, documents, minutes or records which concern the Defendant Bank's relationship with Plaintiff.

14. Any credit memorandums which concern the Defendant Bank's relationship with Plaintiff.

15. The Defendant Bank's policy and procedures manual(s) in effect from the start of the Plaintiff's "loans" Defendant Bank through the present.

16. Any and all correspondence between the Defendants referencing the transactions noted in Plaintiff's complaint.

17. Complete copy of all closing packages relating to any loans associated with Plaintiff.

18. Complete copy of the title search report and supporting documents, title commitment and title insurance policy relating to any loans associated with Plaintiff.

19. Complete copy, including any drafts thereof, of operating agreements or other company documents of MND Properties, LLC.

Respectfully Submitted, this __27__ day of December, 2010.

                                              Brent J. Savage
                                              Georgia Bar No. 627450

SAVAGE, TURNER, KRAEUTER,
PINCKNEY, BRITT & MADISON
Post Office Box 10600
Savannah, GA 31412
912.231.1140