IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PLANTATION FEDERAL BANK, AND AS )<br>SUCCESSOR, THE DEGENHART LAW )<br>FIRM, PAUL DEGENHART and MARY )<br>NELL DEGENHART, )<br>)<br>Defendant. )<br>) | CIVIL ACTION FILE NO. |

## NOTICE OF REMOVAL

COMES NOW Defendant Mary Nell Degenhart ("Defendant"), and respectfully shows to the Court as follows:

1. Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441 to remove this action from the Superior Court of Chatham County, State of Georgia, which case is now pending in that court under the name "William Degenhart, M.D. v. Plantation Federal Bank, and as Successor in Interest To First Savers Bank, The Degenhart Law Firm, Paul Degenhart and Mary Nell Degenhart" and styled Civil Action No. CV 10-1962-FR.

2. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of Plaintiff William Degenhart, M.D. ("Plaintiff") is diverse from that of Defendants, as follows:

    a. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.


DEFENDANT'S EXHIBIT 6

i. In his Complaint for Damages and Petition for Declaratory Judgment ("Complaint"), Plaintiff seeks a declaratory judgment that the legal documents attached as Exhibits A through H to the Complaint are unenforceable as to him. Compl. ¶ 28. Those exhibits consist of (1) Exhibit A, a Commitment Letter dated December 1, 2006, between Three Amigos Land Company, LLC ("Three Amigos") and First Savers Bank ("FSB") in the principal Loan amount of $1,800,000.00; (2) Exhibit B, Loan Agreement dated December 22, 2006, between Three Amigos and FSB; (3) Exhibit C, Guaranty Agreement from William J. Degenhart dated December 20, 2006; (4) Exhibit D, a Modification of the original Commitment Letter dated January 2, 2009 from FSB; (5) Exhibit E, a Promissory Note dated January 2, 2009, with Three Amigos Land Co., LLC as the mortgagor and FSB as the lender, in the principal amount of $1,800,000.00; (6) Exhibit F, a Commercial Loan Agreement dated January 2, 2009, with Three Amigos Land Co., LLC as the borrower and FSB as the lender; (7) Exhibit G, a Promissory Note dated May 11, 2009, with Three Amigos Land Co., LLC as the mortgagor and FSB as the lender, in the principal amount of $1,800,000.00; (8) Exhibit H, Guaranty Agreement from William J. Degenhart dated September 23, 2009. Plaintiff is a purported signatory to each of the documents attached to the Complaint as Exhibits A through H. The Defendant therefore

shows that the facts underlying Plaintiff's claims for relief confirm that the amount sought by Plaintiff against Defendants exceeds the jurisdictional amount of $75,000, exclusive of interest and costs, as a matter of law.

    b.    The matter in controversy is between citizens of different States.

        i.    Plaintiff is, and was at the commencement of this action, a citizen and resident of the State of Georgia. Compl. ¶ 1.

        ii.    FSB is, and was at the commencement of this action, a Federal bank with its principal place of business located in South Carolina. Compl. ¶ 2.

        iii.    Defendant The Degenhart Law Firm is, and was at the commencement of this action, a professional association organized and existing under the laws of the State of South Carolina with its principal place of business located in South Carolina. Compl. ¶ 3.

        iv.    Defendant Paul Degenhart is, and was at the commencement of this action, a citizen and resident of the State of South Carolina. Compl. ¶ 4.

        v.    Defendant Mary Nell Degenhart is, and was at the commencement of this action, a citizen and resident of the State of South Carolina. Compl. ¶ 5.

3.    Under the provisions of 28 U.S.C. § 1441(a), the right exists to remove this action from the Superior Court of Chatham County, State of Georgia, to the United States District Court

for the Southern District of Georgia, Savannah Division, which embraces the place where such action is pending.

4. The date on or before which Defendant is required under the laws of the State of Georgia to answer or plead to Plaintiff's Complaint have not lapsed. The Complaint was filed on December 27, 2010. The Summons and Complaint were personally served on Defendant on February 11, 2011. On information and belief, as of the date of this Notice, all other Defendants have been served with the Summons and Complaint. In accordance with the requirements of 28 U.S.C. § 1446(b), Defendant files this Notice of Removal within 30 days after service of the Summons and Complaint.

5. Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendant attaches hereto copies of all the documents that have been served upon her in this action, described as follows:

    a. General Civil Case Filing Information Form (Non-Domestic), Summons, Certification Under Rule 3.2, and Complaint for Damages and Petition for Declaratory Judgment dated December 27, 2010, marked as Exhibit 1 hereto;

    b. Plaintiff's First Request for Admissions to All Defendants dated December 27, 2010, marked as Exhibit 2 hereto;

    c. Plaintiff's First Request for Production of Documents to Defendants dated December 27, 2010, marked as Exhibit 3 hereto; and

    d. Plaintiffs' [sic] First Interrogatories to Defendants dated December 27, 2010, marked as Exhibit 4 hereto.

6. By reason of the foregoing, Defendant desires and respectfully submits that she is entitled to have this action removed from the Superior Court of Chatham County, State of

Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division, such being the district and division where said suit is pending, and conditioned that Defendant will pay all costs and disbursements incurred by reason of these removal proceedings should it be determined that this case was not removable or was improperly removed.

7. Written notice of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit 5, will be given to Plaintiff's counsel as required by law.

8. A true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Chatham County, State of Georgia, as required by law. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 6.

9. Consents to removal executed by The Degenhart Law Firm, Paul Degenhart, and Plantation Federal Bank through its attorney, Amy L. B. Hill, Esquire are attached. "Where there is a nonseparable controversy with respect to several nonresident defendants, one of them may remove the cause although the other defendants have not been served with process and have not appeared." Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939). See also Novick v. Bankers Life Ins. Co., 410 F. Supp. 2d 98, 100 (E.D.N.Y. 2006); Shaffer v. Northwestern Mutual Life Ins. Co., 394 F. Supp. 2d 814, 819 (N.D. W. Va. 2005); White v. Bombardier Corp., 313 F. Supp. 2d 1295, 1299 (N.D. Fla. 2004); Kopff v. World Research Group, LLC, 298 F. Supp. 2d 50, 54 (D.D.C. 2003); GMFS, L.L.C. v. Bounds, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003); Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 515 n. 3 (M.D. Pa. 2003); Hooper v. Albany Int'l Corp., 149 F. Supp. 2d 1315, 1319 n. 2 (M.D. Ala. 2001); Asunto v. Shoup, 132 F. Supp. 2d 445, 454 (E.D. La. 2000); Fuller v. Exxon Corp., 78 F. Supp. 2d 1289, 1293 n. 6 (S.D. Ala. 1999); Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999); Glendening v. Genuine Parts Co., 960 F. Supp. 243, 244 n. 3 (D. Colo. 1997); Schwartz v. FHP

Int'l Corp., 947 F. Supp. 1354, 1362 (D. Ariz. 1996); Scheall v. Ingram, 930 F. Supp. 1448, 1449 n. 1 (D. Colo. 1996); Paz v. Bonita Tomato Growers, Inc., 920 F. Supp. 174, 175-76 (M.D. Fla. 1996); Nathe v. Pottenberg, 931 F. Supp. 822, 824 (M.D. Fla. 1995); Wesley v. Mississippi Transp. Comm'n, 857 F. Supp. 523, 526 (S.D. Miss. 1994); Ogletree v. Barnes, 851 F. Supp. 184, 187 (E.D. Pa. 1994); Thompson v. Louisville Ladder Corp., 835 F. Supp. 336, 337 n. 3 (E.D. Tex. 1993); Liebig v. DeJoy, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993); Creekman v. Food Lion, Inc., 797 F. Supp. 505, 508 n. 4 (E.D. Va. 1992); Moody v. Commercial Ins. Co., 753 F. Supp. 198, 200 (N.D. Tex. 1990); Katz v. Costa Armatori, S.p.A., 718 F. Supp. 1508, 1509 n. 1 (S.D. Fla. 1989); Courtney v. Benedetto, 627 F. Supp. 523, 526 (M.D. La. 1986); Albonetti v. GAF Corp., 520 F. Supp. 825, 827 (S.D. Tex. 1981); DiCesare-Engler Prods., Inc. v. Mainman Ltd., 421 F. Supp. 116, 120 (W.D. Pa1 1976).

10. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry, it is well grounded in fact; is warranted by existing law or an extension or modification of existing law; and is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of this litigation.

WHEREFORE, Defendant prays that this action be removed to this Court and that this Court accept jurisdiction of this matter, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Respectfully submitted this 4th day of March, 2011.

_____
Mary Nell Degenhart
2131 Park St., Columbia, SC 29201
803-771-6050

CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing Notice of Removal by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

>Brent J. Savage
>Savage, Turner, Kraeuter, Pinckney, Britt & Madison
>P.O. Box 10600
>Savannah, GA 31412
>
>The Degenhart Law Firm
>2131 Park Street
>Columbia, SC 29201
>
>Paul Degenhart
>2131 Park Street
>Columbia, SC 29201
>
>Amy L. B. Hill
>Sowell Gray Stepp & Laffitte, L.L.C.
>P.O. Box 11449
>Columbia, SC 29211

This 4th day of March, 2011.

>Mary Nell Degenhart
>2131 Park St.
>Columbia, SC 29201
>803-771-6050

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM DEGENHART, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| PLANTATION FEDERAL BANK, AND AS SUCCESSOR IN INTEREST TO FIRST SAVERS BANK, THE DEGENHART LAW FIRM, PAUL DEGENHART and MARY NELL DEGENHART, | ) ) ) ) ) ) ) | |
| Defendant. | | |

## CONSENT TO REMOVAL

Defendant, Degenhart Law Firm, P.A. hereby consents to and joins in the removal of this action from the Superior Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division. This consent and joinder should not be construed as a voluntary appearance by Defendant or an agreement by Defendant to subject itself to the jurisdiction of the Court. Defendant does not waive, but rather expressly reserves, any and all defenses, rights and objections that may be available to it including, but not limited to, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process.

This 4th day of March, 2011.

By: _____
Degenhart Law Firm, P.A.
2131 Park St.
Columbia, SC 29201
803-771-6050

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PLANTATION FEDERAL BANK, AND AS )<br>SUCCESSOR )<br>IN INTEREST TO FIRST SAVERS BANK, )<br>THE DEGENHART LAW FIRM, PAUL )<br>DEGENHART and MARY NELL )<br>DEGENHART, )<br>)<br>Defendant. | CIVIL ACTION FILE NO. |

## CONSENT TO REMOVAL

Defendant, Paul Degenhart hereby consents to and joins in the removal of this action from the Superior Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division. This consent and joinder should not be construed as a voluntary appearance by Defendant or an agreement by Defendant to subject itself to the jurisdiction of the Court. Defendant does not waive, but rather expressly reserves, any and all defenses, rights and objections that may be available to it including, but not limited to, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process.

This 4th day of March, 2011.

By: _____
Paul V. Degenhart

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | |
| PLANTATION FEDERAL BANK, AND AS ) | |
| SUCCESSOR ) | |
| IN INTEREST TO FIRST SAVERS BANK, ) | |
| THE DEGENHART LAW FIRM, PAUL ) | |
| DEGENHART and MARY NELL ) | |
| DEGENHART, ) | |
| ) | |
| Defendant. | |

## CONSENT TO REMOVAL

Defendant Plantation Federal Bank, and as Successor in Interest to First Savers Bank hereby consents to and joins in the removal of this action from the Superior Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division. This consent and joinder should not be construed as a voluntary appearance by Defendant or an agreement by Defendant to subject itself to the jurisdiction of the Court. Defendant does not waive, but rather expressly reserves, any and all defenses, rights and objections that may be available to it including, but not limited to, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process.

This __1__ day of March, 2011.

*(Signature block on following page)*

SOWELL GRAY STEPP & LAFFITTE, L.L.C.

By: _____
Amy B. Hill
1310 Gadsden Street
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400

Attorney for Plantation Federal Bank, as
Successor in Interest to First Savers Bank

2

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William Degenhart, M.D.

**DEFENDANTS**
Plantation Federal Bank, and as successor to First Savers Bank, Degenhart Law Firm, Paul Degenhart and MaryNell Degenhart

(b) County of Residence of First Listed Plaintiff: Chatham Co., Ga.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Georgetown, SC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brent J. Savage-Savage, Turner, Kraueter, Britt, Madison & Pinck
PO Box 10600, Savannah, Ga. 31412-912-231-1140

Attorneys (If Known)
Amy Hill, Sowell Gray Stepp & Laffitte, PO Box 11449, Columbia, SC 29211

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1441

Brief description of cause:
Breach of Duty and claim for declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE The Honorable William T. Moore
DOCKET NUMBER 4:11-CV-013 and 4:11-CV-04

DATE: 03/04/2011
SIGNATURE OF ATTORNEY OF RECORD: [signature] Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.